NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE E. SABB,<br><br>     Plaintiff,<br> v.<br><br>PATRICK G. MCGINNITY, KAZIMIERA J. BAJEK, ROBERT SWIERSZCZ, STEPHANIE C. JONES, and GAINEY TRANSPORTATION SERVICES,<br><br>     Defendants. | Civil Action No. 09-2739 (KSH)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I. Introduction**

  This negligence action comes before the Court on a motion for summary judgment. On April 21, 2007, two motor vehicle accidents occurred on the 16W exit ramp of the New Jersey Turnpike. (Defs.' Statement of Material Facts ¶ 1.) The first impact was a head-on collision between defendant Patrick McGinnity ("McGinnity"), who was traveling the wrong way on the exit ramp, and defendant Kazimiera Bajek-Swierszcz ("Swierszcz"), who was traveling in the left lane. (*Id.* ¶ 2.) Subsequently, plaintiff George Sabb ("Sabb"), who was traveling in the left lane immediately behind Swierszcz, swerved into the right lane to avoid hitting her. (*Id.* ¶ 3.) When he moved into the right lane, Sabb collided with a tractor-trailer driven by defendant Stephanie Jones ("Jones") for Gainey Transportation Services ("Gainey"). (*Id.*)

  Sabb filed suit in state court, claiming that, as a result of the other drivers' negligence, he suffered serious physical injuries to his lower back and left shoulder that will require continuous and expensive treatment. (Compl.; D.E. 1-1.) The defendants removed to this Court [D.E. 1], and Jones and Gainey now move for summary judgment [D.E. 29], arguing that there is no

1

genuine issue of material fact as to whether Jones acted negligently. (Moving Br.) Jones and Gainey assert that, even when viewing the facts in a light most favorable to Sabb, he has not shown sufficient evidence to establish negligence or a spoliation of evidence claim.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted when, in light of the pleadings, depositions, answers to interrogatories, and affidavits, there is no genuine issue as to any material fact. An issue of fact is genuine if a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment; the factual dispute must be genuine. *Id.* at 247–48. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50. When analyzing a motion for summary judgment, the court must draw all inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party must present evidence that there is no genuine issue of material fact, and the nonmoving party must then respond with specific facts to show a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

### B. Negligence Standard

Sabb alleges that Jones was careless, reckless, and dangerous when operating her vehicle and that her negligence caused his injuries. (Compl. Fourth Count.) "In this action brought in federal court in New Jersey on the basis of diversity jurisdiction, New Jersey state law supplies the substantive legal principles against which a party's entitlement to a judgment in its favor

2

must be assessed." *Foodtown Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2011 WL 37816, at *1 (3d Cir. 2011) (citing *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1373 n.15 (3d Cir.1996)).

To establish negligence under New Jersey law, Sabb has the burden of proof to show that Jones failed to meet the reasonable care standard—namely, that she failed to exercise the degree of care and precaution that a reasonably prudent person would exercise under the circumstances. *McKinley v. Slenderella Sys. of Camden, N.J., Inc.*, 63 N.J. Super 571, 579 (App. Div. 1960); *see also Hochman v. Karpenski*, 325 N.J. Super. 460, 465 (App. Div. 1999) (stating that in an automobile accident case, "[t]he standard of care is reasonable prudence to avoid injury to another"). In determining what conduct is reasonable, the New Jersey Supreme Court has noted that the "amount of care demanded . . . must be in proportion to the apparent risk." *Harpell v. Public Service Coord. Transport*, 20 N.J. 309, 316 (1956). In order to survive this motion for summary judgment, Sabb must point to evidence that creates a genuine issue of material fact as to whether Jones failed to exercise the degree of care a reasonably prudent person would have under the circumstances.

Gainey's liability rests on a theory of vicarious liability. New Jersey adheres to the Restatement of Agency for the vicarious liability standard. *O'Toole v. Carr*, 175 N.J. 421, 425 (2003). As such, an employer is liable for an employee's negligence when the employee was acting within the scope of his or her employment. *Carter v. Reynolds*, 175 N.J. 402, 408–09 (2003) (quoting Restatement (Second) of Agency § 219 (1958)). The parties agree that Jones was driving the truck within the scope of her employment, but Gainey is liable only if Sabb sufficiently shows that Jones's negligent conduct caused his injuries. *See Hummers v. Pub. Serv. Elec. & Gas Co.*, 8 N.J. Misc. 689, 690 (N.J. Sup. Ct. 1930).

3

**C. Does a Genuine Issue of Material Fact Exist as to Jones's Negligence?**

Sabb contends that there are genuine issues of fact as to who hit whom and whether Jones's truck was moving at the time of the accident.

It is undisputed that the accident in question here occurred in the right lane, which was Jones's travel lane. (Sabb Dep. 52:13–15; Jones Dep. 35:25–36:5.) Sabb concedes in his deposition that he abruptly swerved into the right lane where Jones's truck was. (Sabb Dep. 51:1–2). He asserts that Swierszcz was backing into him "[a]nd to avoid hitting her that's when [he] abruptly went into the contact with the truck," (*Id.* at 50:22–24). Sabb, after viewing the police report diagram, stated that it was an accurate reflection of how the accident happened (Sabb. Dep. 50:7–10; Police Report, attached to Monte Carlo Certif. as Ex. B), and confirmed that the truck was in its proper lane of travel at the time of the collision. (Sabb Dep. at 52:13–15.) In addition, the police report noted Sabb's unsafe following distance as a contributing factor to the accident and stated that Jones's conduct was not a contributing factor. (Police Report, attached to Monte Carlo Certif. as Ex. B.)

Nevertheless, there is a manifest factual dispute between Sabb and Jones in their deposition testimony. Jones claims she was stopped when she and Sabb collided (Jones Dep. 32:5–6), while Sabb testified that Jones's truck was moving at the time of the collision. (Sabb Dep. 36:10–15, 44:5–13.) In addition, there remains a dispute regarding who made the first contact. (Jones Dep. 39:22–40:1; Sabb Dep. 36:10–15, 44:5–13.) Such contradictions in deposition testimony are sufficient to create a genuine issue of material fact. *Washington v. Cooper Hosp./Univ. Med. Ctr.*, 2005 WL 3299006, at *7 (D.N.J. Dec. 2, 2005). Whether Jones exercised reasonable care will depend on facts like those Sabb raises, and a determination of the disputed facts as well as other variables not made known in these papers is the province of the

jury, not the Court. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992); *Marino v. Industrial Crating Co.*, 358 F.3d 241 (3d Cir. 2004).

The Court is constrained, therefore, to deny Jones and Gainey's motion for summary judgment.

### III. Has Sabb Established a Spoliation of Evidence Claim?

Sabb also asserts that Jones failed to preserve a notebook in which she described the events of the accident. (Opp'n Br. at 7.) Jones stated that in line with Gainey's company policy, she filled out a notebook immediately after the accident and mailed it to Gainey. (Jones Dep. 42–44.) Sabb contends that the failure to keep this notebook for litigation constitutes spoliation of evidence. (Opp'n Br. at 6–7.)

Spoliation of evidence occurs when relevant evidence is destroyed, causing interference with the proper disposition of the case. *Manorcare Health v. Osmose Wood*, 336 N.J. Super. 218, 226 (App. Div. 2001). A successful spoliation of evidence claim will result in an adverse inference during the underlying litigation, whereby the destroyed evidence is presumed to be unfavorable to the party who destroyed it. *Rosenblit v. Zimmerman*, 166 N.J. 391, 403 (2001). An intentional spoliation claim requires a showing that (1) there was pending or probable litigation; (2) the defendant knew of this pending or probable litigation; (3) the defendant intentionally destroyed the evidence to disrupt the plaintiff's case; (4) the defendant's destruction actually did disrupt the plaintiff's case; and (5) this destruction resulted in damages. *Id.* at 403–04.

The Court will need considerably more factual exposition to make a decision, and denies the claim without prejudice to Sabb's ability to raise the issue at trial if the evidence warrants.

### IV. Conclusion

5

Based on the foregoing, Jones and Gainey's motion for summary judgment is denied, and Sabb's spoliation of evidence claim is denied without prejudice.


March 31, 2011
<u>/s/ Katharine S. Hayden</u>
Katharine S. Hayden, U.S.D.J.